UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAKE PAUL HEINEY,

                Petitioner,                Case No. 2:19-cv-12474
                                                                Hon. Sean F. Cox

v.

HEIDI E. WASHINGTON,

                Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO STAY HABEAS PETITION (Dkt. 2) AND ADMINISTRATIVELY CLOSING CASE**

Jake Paul Heiney was convicted on April 19, 2016, after a bench trial held in the Monroe Circuit Court of one count of fourth-degree criminal sexual conduct. The case involved allegations that Petitioner, a physician, sexually assaulted some of his female patients. He was sentenced to five years' probation. Petitioner filed this action under 28 U.S.C. § 2254. He claims in his habeas petition that he was denied the effective assistance of counsel when his trial attorney failed to call an available expert witness to testify that the acts forming the offense were medically proper. He also asserts that his appellate attorney rendered ineffective assistance of counsel by failing to raise his trial counsel claim on direct appeal.

Along with his habeas petition, Petitioner filed a motion to stay the case so that he can exhaust his habeas claims in the state courts before presenting them to this Court. Petitioner notes that his direct appeal concluded in the state courts when the Michigan Supreme Court denied his application for leave to appeal on May 29, 2018. *People v. Heiney*, 501 Mich. 2083 (2018). Accordingly, his habeas petition was filed about a week before the one-year statute of limitations was set to expire.

1

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). *Rhines* held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id*. at 278.

Here, a dismissal of the petition on exhaustion grounds would create difficulties for Petitioner with respect to the statute of limitations. Petitioner filed his habeas petition about a week before the limitations period was set to expire. See 28 U.S.C. § 2244(d)(1)(A). Petitioner alleges good cause for failing to raise his habeas claims in the state courts because he asserts that his appellate counsel was ineffective for ignoring the claims on direct review. Finally, it does not appear that the unexhausted claim is plainly meritless or that Petitioner is engaged in intentionally dilatory tactics. Petitioner asserts that there existed an expert witness willing to testify at trial that his actions were medically appropriate, which if true he claims would have constituted a defense to the crime. See MICH. COMP. LAWS § 750.520e(1)(b)(iv).

Accordingly, the Court holds the petition in abeyance. Petitioner must exhaust his new claims in state court by filing a motion for relief from judgment in the Monroe Circuit Court within 60 days of the date of this order, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th

Cir. 2009). Further, he must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the motion to stay is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that a copy of this order be served upon the Michigan Attorney General, Appellate Division.

Dated: August 30, 2019
                                            s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge