UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAKE PAUL HEINEY,

        Petitioner,        Case No. 2:19-cv-12474
                                        Hon. Sean F. Cox

v.

HEIDI E. WASHINGTON,

        Respondent.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT [ECF No. 44] AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS [ECF Nos. 47 and 48]

This matter is before the Court on petitioner Jake Paul Heiney's motion to alter or amend judgment. On August 21, 2023, the Court issued an opinion and order denying Heiney's 28 U.S.C. § 2254 habeas corpus petition, finding that his claims were without merit or barred by his state court procedural defaults. (ECF No. 42). Heiney's motion to alter or amend judgment seeks a certificate of appealabilty on all seven of his habeas claims. (ECF No. 44). Heiney also seeks to proceed on appeal to the Sixth Circuit in forma pauperis. (ECF Nos. 47 and 48).

The decision to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will

1

generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008) (additional quotation omitted)). A Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Heiney asserts that he is entitled to a certificate of appealability on all seven of his claims to prevent manifest injustice. He notes generally that district courts have erred in denying habeas relief and might be reversed on appeal. He also asserts that Respondent's failure to provide all the Rule 5 material resulted in a decision based on an incomplete record. But as far as the Court can discern, the bulk of the motion to amend reiterates the arguments presented in the habeas petition and assert that they at least have some arguable merit.

With respect to Heiney's first through fourth claims, the Court explained in detail in its opinion denying the petition why the claims were without merit. To be entitled to a certificate of appealability, Heiney must show "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Heiney's motion simply restates the arguments he presented in his habeas petition. Those arguments have already been rejected by the Court, and there is nothing new presented in Heiney's motion indicating that reasonable jurists might debate the Court's resolution of the claims.

Heiney also asserts that the Court adjudicated his claims on an incomplete record. Not so. The Court granted Heiney's motion for leave to file portions of the state court record that were omitted from the Rule 5 materials by Respondent and considered the materials relevant to the resolution of his claims. (ECF No. 42, PageID.11858, n. 1).

With respect to Heiney's fifth through seventh habeas claims, the Court found the claims were procedurally barred. When a federal district court denies a habeas claim on procedural grounds, a certificate of appealability should be issued if the petitioner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484–85. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed. *Id.* In

such a case, no appeal is warranted. *Id*. For the reasons explained in the opinion denying the petition, Heiney's last three claims are clearly barred, and Heiney failed to demonstrate cause to excuse the default or that a fundamental miscarriage of justice would result. Reasonable jurists would not disagree.

Accordingly, Heiney is not entitled to a certificate of appealability with respect to any of his claims. His motion to amend will be denied.

Heiney also moves to proceed on appeal in forma pauperis. (ECF Nos. 47 and 48). He submits an affidavit indicating that his only source of income is social security disability, that his living expenses exceed his income, that his only asset is a vehicle worth less than a thousand dollars, and that he has debts exceeding $80,000.

A court may grant IFP status if the inmate is unable to pay the fee and the appeal is being taken in good faith. 28 U.S.C. § 1915(a); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous. *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Though the Court denied the habeas petition and finds that Heiney fails to meet the standard for a certificate of appealability, an appeal can nevertheless be taken in good faith. *Id*.

**IT IS HEREBY ORDERED** that Petitioner's motion to alter or amend judgment is therefore **DENIED**.

**IT IS FURHTER ORDERED** that leave to appeal in forma pauperis is **GRANTED**.

Dated: October 13, 2023          <u>s/Sean F. Cox</u>
                                                Sean F. Cox
                                                U. S. District Judge

I hereby certify that on October 13, 2023, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                <u>s/J. McCoy</u>
                                                Case Manager